UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

(Electronically Filed)

| | |
|---|---|
| CYNTHIA HEFFNER ROBERTS,<br>Administratrix of the Estate of<br>Christopher Allen Roberts, Deceased,<br>and Next Friend of A.A.R., Mr. Roberts'<br>Minor Daughter<br><br>    PLAINTIFF<br><br>v.<br><br>CITY OF JEFFERSONTOWN, KENTUCKY, and<br>SAM ROGERS, individually, and MANUEL CRUZ,<br>individually<br><br>    DEFENDANTS | Case No. 3:19-CV-186-RGJ |

## ANSWER

Come the Defendants, City of Jeffersontown, Chief Sam Rogers, and Officer Manuel Cruz, by counsel, and for their Answer, herein states as follows:

1. The Plaintiff's Complaint fails to state a claim upon which relief can properly be granted.

2. Regarding Paragraph 1 of the Plaintiff's Complaint, said paragraph is a prefatory and summary statement which requires no response. The subject paragraph also contains legal conclusions, which also require no response. To the extent that a

response is required, the Defendants expressly deny all allegations that they violated any Constitutional or Federal right, privilege, or immunity of Mr. Roberts, his estate, or his minor daughter, and any and all damages alleged caused thereby. The Defendants also deny Plaintiff's state law claims of negligence, gross negligence, battery, wrongful death and loss of consortium, and any and all damages allegedly caused thereby. The Defendants are without sufficient knowledge at this time to either affirm or deny the Plaintiff's allegations concerning jurisdiction and venue, and therefore deny same. Any and all remaining allegations and averments are denied.

3. The Defendants are without sufficient knowledge at this time to either affirm or deny the allegations contained in Paragraphs 2 and 10 of the Plaintiff's Complaint, and therefore deny same.

4. Regarding Paragraph 3 of the Plaintiff's Complaint, the Defendants admit that the City of Jeffersontown employed Defendants Chief Sam Rogers and Officer Manuel Cruz. The remaining allegations contained in Paragraph 3 are legal conclusions for which no response is required. To the extent that a response is required, the Defendants state that the Court will determine the nature and extent of the legal responsibilities of the Defendants, and the Plaintiff's characterization of those responsibilities is denied.

5. Regarding Paragraph 4 of the Plaintiff's Complaint, the Defendants admit that Chief Sam Rogers was the Chief of the Jeffersontown Police Department. The remaining allegations contained in Paragraph 4 are legal conclusions for which no

response is required. To the extent that a response is required, the Defendants state that the Court will determine the nature and extent of the legal responsibilities of the Defendants, and the Plaintiff's characterization of those responsibilities is denied.

6. Regarding Paragraph 5 of the Plaintiff's Complaint, the Defendants admit that Officer Manuel Cruz was a Jeffersontown Police Department officer. The remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint are denied.

7. Regarding Paragraph 6 of the Plaintiff's Complaint, the Defendants admit that on July 19, 2018 there was an outstanding warrant for Christopher Allen Roberts' arrest because he had removed an ankle monitor and fled home incarceration for disregarding a traffic light (KRS 189.231(2)), operating a motor vehicle under the influence of alcohol or drugs, 4th offense, aggravated circumstances (KRS 189A.010(5)(D), possession of an open alcohol beverage container in a motor vehicle (KRS 189.530(2)), and possession of marijuana (KRS 218A.1422). The Defendants are without sufficient knowledge at this time to either affirm or deny the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint, and therefore deny same.

8. Regarding Paragraph 7 of the Plaintiff's Complaint, the Defendants admit that Officer Cruz pursued Mr. Roberts on foot at the Home Towne Studios at 4540 Taylorsville Road in Jeffersontown, Kentucky, including on the second level, and that Officer Cruz deployed his Taser, which struck Mr. Roberts. The remaining allegations contained in Paragraph 7 of the Plaintiff's Complaint are denied at this time.

9. The Defendants deny the allegations contained in Paragraphs 8, 11, 12, 13, 14, 15, 16, 17, and 18 of the Plaintiff's Complaint.

10. Paragraph 9 of the Plaintiff's Complaint contains argument, which requires no response. To the extent a response is required, the Defendants deny the Plaintiff's argument and the applicability of the Plaintiff's argument to the facts of this matter, and therefore deny the allegations contained in Paragraph 9.

11. Any allegation not specifically admitted herein is denied.

12. The Defendants state that at all times relevant, their actions were reasonable, in good faith, and legal, and plead and rely upon the same as a complete bar to all claims against them.

13. The injuries complained of by the Plaintiffs were caused in whole or in part by the actions of Mr. Christopher Roberts, but for which said injuries would not have occurred.

14. The damages claimed by the Plaintiffs are the result of the actions of another third-party or parties, but for which said injuries would not have occurred.

15. The Defendants affirmatively plead all defenses contained in KRS §431.005, 431.045, 431.055, and KRS §503.010 et. seq.

16. The Defendants state that the Plaintiff's claims are barred in whole or in part by the doctrines of absolute immunity, sovereign immunity, governmental immunity, official immunity and/or qualified immunity.

17. The Defendants state that their conduct does not rise to the level necessary

to entitle the Plaintiffs to an award of punitive damages and pleads and relies upon the same as a complete bar to the claim for punitive damages.

19. The Defendants state that at the time and place and upon the occasion complained of in the Plaintiff's Complaint, the Defendants followed all federal, state and local statutes, ordinances, regulations, policies and requirements of law and plead and rely upon the same as a complete bar to the claims of the Plaintiffs herein.

19. The Defendants affirmatively plead failure to mitigate alleged damages, estoppel, laches, consent, waiver, provocation, justification, self-defense, defense of others, assumption of the risk, insufficiency of process, insufficiency of service of process, lack of jurisdiction over the person, failure to join a party needed for just adjudication under FRCP 19, and the statute of limitations.

20. The Defendants reserve the right to amend this responsive pleading to include additional affirmative defenses which further discovery may reveal.

WHEREFORE, the Defendants, City of Jeffersontown, Chief Sam Rogers, and Officer Manuel Cruz, by counsel, respectfully demand as follows:

a. That the Complaint against him be dismissed, with prejudice;

b. For their costs herein expended, including reasonable attorneys fees;

c. Trial by jury; and

d. For any and all other relief to which he may appear entitled.

Respectfully submitted,

PHILLIPS PARKER ORBERSON & ARNETT


 */s/ Matthew A. Piekarski*
John F. Parker, Jr.      jparker@ppoalaw.com
Matthew A. Piekarski     mpiekarski@ppoalaw.com
716 West Main Street, Suite 300
Louisville, Kentucky 40202
Telephone (502) 583-9900
*Counsel for the Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk of Court via the CM/ECF system on this the 5th day of April, 2019, which will send a notice of electronic filing to the following counsel of record:

Gregory A. Belzley  gbelzley@aol.com
Camille A. Bathurst  camillebathurst@aol.com
Aaron Bentley  abentley3b@gmail.com
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, Kentucky 40059
(502) 292-2452
*Counsel for Plaintiff*

Ben Pittenger  ben.pittenger@gmail.com
Pittenger Law Office, PLLC
2200 Buechel Avenue, Suite 105
Louisville, KY 40218
Tel: (502) 890-6948
Fax: (502) 890-6947
*Counsel for Plaintiff*


 */s/ Matthew A. Piekarski*
MATTHEW A. PIEKARSKI